UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KARIE KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV329 RWS |
| | ) | |
| COMMERCIAL BANK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on its review of this recently-removed case.  The Court

has reviewed the state-court file and the notice of removal sua sponte to determine whether the

matter was properly removed.  It was not, so the Court remands the case back to state court for

lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

Plaintiff filed her state-court petition against Commercial Bank raising three claims

under Missouri's wage and hour laws.  Plaintiff brings no federal claims in her petition.  Despite

the absence of a federal claim, defendant removed the case to this Court on the grounds of federal

question jurisdiction. See 28 U.S.C. § 1331.  In its Notice of Removal, defendant asserts that

plaintiff's claims "actually arise under and involve substantial questions of federal law under the

FLSA."  This is so, according to defendant, because the Missouri Minimum Wage Law "requires

the interpretation and application of the FLSA and associated regulations" and Missouri

"interprets and enforces the MMWL in accordance with federal regulations."  Therefore,

defendant concludes, this Court has federal question jurisdiction because plaintiff's claims

require "the resolution of substantial questions of federal law under the FLSA."  Defendant does

not contend that plaintiff's claims are preempted.  Because plaintiff's claims do not arise under

federal law, the case will be remanded to state court.

Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court.  28 U.S.C. § 1441(a).  If the federal court determines it does not have subject-matter jurisdiction over a removed action, it must remand the action to state court where it originated.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand.  In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).  As the party invoking jurisdiction, defendant has the burden of establishing that prerequisites to jurisdiction have been satisfied.  Id.  To determine whether removal was proper, the court must look to the plaintiff's pleadings at the time of removal.  Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939).  As a general rule a plaintiff can avoid removal to federal court by alleging only state law claims.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  "The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction."  Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996).  The plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  Caterpillar, 482 U.S. at 392.   "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."   Merrill Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 809 (1986).

A claim arises under federal law if federal law creates the cause of action in the complaint or if the vindication of a right under state law necessarily depends on the resolution of a substantial question of federal law.  Id. at 808.  The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."  Id. at 813.

- 2 -

However, in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues.  Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308, 312 (2005).  "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues."  Id. at 312.  There is no "single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties."  Id.  To determine whether a case falls within the small and special set of cases falling within the "arising under" category, the court must determine whether " a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Id. at 314.

The basis for federal question jurisdiction must appear, if at all, on the face of plaintiff's petition.  It does not.  The closest plaintiff comes to invoking federal jurisdiction is her allegation about "Department of Labor regulations."  Yet her petition does not specify the United States Department of Labor versus Missouri's Department of Labor or allege that the regulations at issue are federal ones.  Even if plaintiff is referring to federal instead of state regulations, the mere reference to a set of federal regulations in a state-law claim is not sufficient to create federal question jurisdiction.  See I.S. v. Washington University, 2011 WL 2433585, *5 (E.D. Mo. Jun. 14, 2011) (no federal question jurisdiction where state law claim for negligence per se referred to HIPAA statute); Taylor v. Lewis, 2011 WL 743747, *4 (E.D. Mo. Feb. 23, 2011) (no federal question jurisdiction in claim for personal injuries involving HUD lease); Henderson v. Jordan,

- 3 -

2009 WL 2168692, *2 (E.D. Mo. July 17, 2009) (no federal question jurisdiction where state law

breach of fiduciary claim referred to SEC regulations).  Here, plaintiff's claims for violations of

Missouri state statutes do not raise any compelling federal interest nor is a substantial federal

question presented.   "An incidental mention of federal law does not convert a state claim into a

federal cause of action."  Carter v. Edgewood Children's Center, 2009 WL 383357, *2 (E.D. Mo.

Feb. 12, 2009).  That plaintiff's state statutory claims may implicate federal regulations does not

vest this Court with subject matter jurisdiction.   There are many state law claims based on

federal regulations in state court that do not confer federal question jurisdiction.  See Grable, 545

U.S. at 314.  This is one of them.

     Accordingly,

     **IT IS HEREBY ORDERED** that this case is remanded to the Circuit Court of the City

of St. Louis, Missouri under 28 U.S.C. § 1447(c).

     **IT IS FURTHER ORDERED** that the scheduling conference set in this matter is

vacated.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 27th day of February, 2012.